UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MANI KUMAR,<br><br>       Petitioner,<br><br>    v.<br><br>WARDEN OF THE GOLDEN STATE ANNEX DETENTION FACILITY, *et al.*,<br><br>       Respondents. | No.  1:26-cv-00035-KES-CDB (HC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, GRANTING PETITION FOR WRIT OF HABEAS CORPUS, DENYING MOTION FOR TEMPORARY RESTRAINING ORDER AS MOOT, AND DIRECTING CLERK OF COURT TO CLOSE CASE<br><br>Docs. 1, 12 |

Petitioner Mani Kumar is an immigration detainee proceeding with a petition for writ of habeas corpus.  Doc. 1.  This matter was referred to a United States magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On February 3, 2026, the assigned magistrate judge issued findings and recommendations recommending that the petition for writ of habeas corpus be granted with respect to petitioner's due process claim, and that respondents be enjoined and restrained from detaining petitioner unless they demonstrate by clear and convincing evidence, within seven days of the entry of judgment, that petitioner is a flight risk or danger to the community.  Doc. 12.  The findings and recommendations were served on the parties and contained notice that any objections to the findings and recommendations were to be filed within fourteen days of service.  *Id.* at 9.

1

On February 2, 2026, respondents filed objections to the findings and recommendations. Doc. 13. They primarily dispute the assigned magistrate judge's finding that "an immigration judge called upon to consider a bond redetermination request by Petitioner would [likely] find Petitioner subject to mandatory detention [under 8 U.S.C. § 1225(b)(2)(A)] and the immigration court lacking jurisdiction to grant release." *See* Doc. 12 at 16. Respondents argue that the ICE Form I-213, Record of Deportable/Inadmissible Alien, states that "SFR Fresno sub-office ICE ERO decided it is in DHS best interest to detain KUMAR under INA 236(a) [8 U.S.C. § 1226(a)] pending his immigration hearing[,]" Doc. 10-1, Ex. 1, and therefore, petitioner would receive a bond hearing if he requested one. *See* Doc. 13 at 1–2. But as the findings and recommendations explained, the Board of Immigration Appeals has held that all noncitizens present in the United States without admission—like petitioner—are subject to 8 U.S.C. § 1225(b)(2)(A), and the immigration courts are bound by that holding. *See* Doc. 12 at 10, 16 (citing *Matter of Yajure Hurtado*, 29 I&N Dec. 216 (BIA 2025)). Respondents' apparent argument that ICE's statement in the Form I-213 would lead the immigration court to disregard the *Yajure Hurtado* decision is unpersuasive. It also contradicts the argument respondents have repeatedly made in other cases that *Yajure Hurtado* now mandates detention of unadmitted noncitizens in immigration proceedings, notwithstanding the government's previous release of those noncitizens under § 1226(a). Respondents' remaining objections were persuasively addressed by the findings and recommendations, and the Court need not revisit those points in this order.[1]

Petitioner did not file objections to the findings and recommendations. Petitioner filed a motion for temporary restraining order on February 18, 2026. Doc. 14.

Consistent with 28 U.S.C. § 636(b)(1), this Court performed a de novo review of this case. Having carefully reviewed the matter, the Court concludes that the findings and recommendations are supported by the record and proper analysis.

---

[1] Respondents also object that "there is no evidence in the record indicating Petitioner was released on a general order of supervision or on his own recognizance." Doc. 13 at 2. But respondents represented in their opposition that petitioner was "released from immigration custody on his own recognizance" in 2023. Doc. 10 at 1.

2

Accordingly, the Court ORDERS:

1. The findings and recommendations, Doc. 12, issued on February 3, 2026, are ADOPTED in full;

2. The petition for writ of habeas corpus, Doc. 1, is GRANTED IN PART;

3. Respondents are ENJOINED AND RESTRAINED from detaining petitioner unless they demonstrate, within seven (7) days of entry of judgment, by clear and convincing evidence at a bond hearing before a neutral decisionmaker, that petitioner is a flight risk or danger to the community such that his physical custody is legally justified;

4. Respondents are DIRECTED to file a status report within 14 days of entry of judgment confirming whether a bond hearing was held and, if so, the outcome of that hearing;

5. Petitioner's motion for temporary restraining order is DENIED as moot; and

6. The Clerk of the Court is DIRECTED to enter judgment for petitioner and to close this case.

IT IS SO ORDERED.

Dated:  __February 19, 2026__          _____
                                       UNITED STATES DISTRICT JUDGE

3