UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MANI KUMAR,<br><br>        Petitioner,<br><br>    v.<br><br>WARDEN OF THE GOLDEN STATE ANNEX DETENTION FACILITY, et al.,<br><br>        Respondents. | Case No.  1:26-cv-00035-KES-CDB (HC)<br><br>A-Number: 245 368 892<br><br>ORDER GRANTING MOTION TO ENFORCE JUDGMENT<br><br>Doc. 19 |

Petitioner Mani Kumar moves to enforce this Court's prior Order granting his petition for writ of habeas corpus.  Doc. 19.  The Court's Order required respondents to release petitioner unless they proved by clear and convincing evidence at a bond hearing before a neutral decisionmaker that petitioner was a flight risk or danger to the community.  Doc. 16 at 3. Respondents provided petitioner with a bond hearing before an immigration judge on February 24, 2026.  While the immigration judge conclusorily stated that respondents had met their burden by clear and convincing evidence to show that petitioner was both a danger and a flight risk, Doc. 19-1, Ex. A, the bond hearing did not comply with the Court's Order. Respondents did not introduce any evidence at the hearing other than this Court's Order requiring a bond hearing.  When petitioner testified on his own behalf, respondents did not question him, and the immigration judge did not make any credibility determination or specific factual findings. The immigration judge abused her discretion because, other than making a conclusory statement that respondents had met their burden, she failed to explain her reasoning or make any findings of fact, and she failed to hold respondents to their burden of proof.  The motion to enforce the

1

judgment is therefore granted.

### I.    Background

Petitioner is an asylum-seeker from India who entered the United States on October 15, 2023.  Doc. 10-1.  Immigration authorities briefly detained him, served him with a notice to appear for removal proceedings, then conditionally released him pending those proceedings.  *See id.*  The regulations that authorize immigration authorities to release a noncitizen require that the noncitizen "demonstrate to the satisfaction of the officer that such release would not pose a danger to property or persons" and that the noncitizen is "likely to appear for any future proceeding."  8 C.F.R. § 1236.1(c)(8).  "Release [therefore] reflects a determination by the government that the noncitizen is not a danger to the community or a flight risk."  *Saravia v. Sessions*, 280 F. Supp. 3d 1168, 1176 (N.D. Cal. 2017), *aff'd sub nom. Saravia for A.H. v. Sessions*, 905 F.3d 1137 (9th Cir. 2018).

As a condition of his release, petitioner was required to appear for all hearings in immigration court and to report to Immigration and Customs Enforcement ("ICE") for check-ins.  *See* Audio Recording of Bond Hearing Part II, at 15:24–15:55, Adelanto Immigration Court (recorded February 24, 2026) (lodged with Court) ("Audio Recording Part II"); Doc. 10-1.  Petitioner timely filed his application for asylum on May 15, 2024, and appeared for every hearing and check-in.  *See* Audio Recording Part II at 15:24–15:55; Doc. 10-1; Doc. 19-1, Saleem Decl. at ¶ 4.  On November 15, 2024, petitioner was arrested for inflicting corporal injury on a spouse or cohabitant and for assault with force likely to produce great bodily injury.  Doc. 24-2.  The record reflects that petitioner was released and that no charges were filed due to a lack of sufficient evidence.  *See* Doc. 24-2 (listing the disposition for both offenses as "PROS REL–DET ONLY–LACK OF SUFF EVID").

Nearly a year later, on October 27, 2025, ICE agents arrested petitioner when he reported to a scheduled check-in at an ICE office.  Doc. 10-1.  Petitioner has been detained at the Golden State Annex Detention Facility since then.  *See* Doc. 1.  Petitioner was denied the opportunity to request release on bond due to the government's new interpretation of 8 U.S.C. § 1225(b)(2)(A) as mandating detention for all noncitizens present in the United States without admission, so he

2

filed a petition for writ of habeas corpus on January 5, 2026.  *See* Doc. 1.

The Court granted the petition for writ of habeas corpus on February 19, 2026, finding that petitioner's re-detention without a bond hearing violated his right to due process.  *See* Docs. 12, 16.  The Court ordered: "Respondents are ENJOINED AND RESTRAINED from detaining petitioner unless they demonstrate, within seven (7) days of entry of judgment, by clear and convincing evidence at a bond hearing before a neutral decisionmaker, that petitioner is a flight risk or danger to the community such that his physical custody is legally justified."  Doc. 16 at 3.

At the bond hearing in immigration court on February 24, 2026,  *See* Doc. 24-2, Ex. A. the only evidence that respondents proffered, other than this Court's February 19, 2026 Order, was petitioner's rap sheet, which showed he had no criminal convictions, as noted above.  *See* Doc. 24; Doc. 24-2, Ex. A; Audio Recording at 22:26–22:24.  But the immigration judge *sua sponte* excluded the rap sheet because the government had failed to provide petitioner with a copy of it.  *See* Doc. 19-1, Saleem Decl. at ¶ 11; Audio Recording of Bond Hearing Part I, at 06:52– 07:14, Adelanto Immigration Court (recorded February 24, 2026) (lodged with Court) ("Audio Recording Part I"); Audio Recording Part II at 00:15–46, 01:52–02:22.  The government did not call any witnesses or present any other evidence.

The immigration judge questioned petitioner for about twenty minutes.  *See* Audio Recording Part II at 03:20–46.  She questioned him about his entry into the United States, where he would live if released, his work history, his family ties in the United States, his history of appearance at his check-ins and immigration court hearings, and his prior arrest that did not result in any charges.  Petitioner explained that he had entered the United States unlawfully and had been apprehended by Customs and Border Patrol agents and released, that he had a cousin in the United States who was a U.S. citizen and with whom he would live if released, that he had a work authorization, and that he had appeared for all his hearings and check-ins as required.  *See id.* at 03:20–15:54.  Petitioner denied that he had done anything wrong when he was arrested on November 15, 2024, and he indicated that no charges were filed against him, which the rap sheet confirms.  *See* Audio Recording Part I at 07:35–08:19; Audio Recording Part II at 17:00–21:27.

The immigration judge did not make any factual findings or any finding as to credibility.

3

*See generally* Audio Recording Part I; Audio Recording Part II.  The immigration judge did not clarify whether she found any part of the testimony relevant to the government's burden to prove by clear and convincing evidence that petitioner was a flight risk or danger.

The immigration judge concluded the hearing by asking the government's attorney, "Is the Department arguing both danger and flight?"  22:30–22:45.  The government's attorney, speaking for the first time at the hearing, said, "Yes."  *See id.*  The immigration judge then stated, "Sir, I am denying your request for bond," conclusorily stating that "[t]he Department has proven by clear and convincing evidence that you are both a danger and a flight risk."  *See id.* at 22:30–22:59.  The immigration judge provided no explanation for that conclusion.  *See generally* Audio Recording Part I; Audio Recording Part II.

The immigration judge issued a brief written order the same day.  That order does not set forth any factual findings.  Doc. 19-1, Ex. A.  Instead, it argues that the Court erred in requiring the government to prove danger and flight risk by clear and convincing evidence.  *Id.*  The order then concludes:

> Nonetheless, given the District Court's Order, this Court does hereby require the Department in the present bond proceeding to show, by clear and convincing evidence, that Respondent is either a danger or a flight risk. This Court concludes that the Department has established both. Specifically, the Court concludes that the Department has established by clear and convincing evidence that Respondent is both a danger and such a significant flight risk that no amount or combination of release conditions can sufficiently mitigate that risk.

*Id.*

On April 2, 2026, petitioner filed a motion to enforce the Court's judgment.  Doc. 19. Respondents filed an opposition, Doc. 25, and petitioner filed a reply, Doc. 27.

**II.     Legal Standard**

The Court has continuing jurisdiction "to ensure that the Government acts in accordance with its orders granting relief in habeas actions."  *Loba L.M. v. Andrews*, No. 1:25-CV-00611-JLT-SAB, 2026 WL 710307, at *5 (E.D. Cal. Mar. 13, 2026) (citing *Leonardo v. Crawford*, 646 F.3d 1157, 1161 (9th Cir. 2011)); *see also Crawford v. Honig*, 37 F.3d 485, 488 (9th Cir. 1994). This includes the authority to review the immigration judge's decision for an "abuse of

4

discretion" and to evaluate whether the "standard imposed" by the Court's prior Order was properly applied at the bond hearing. *Ajay Kumar v. Noem*, No. 1:26-CV-01148-DJC-AC, 2026 WL 983129, at *2 (E.D. Cal. Apr. 13, 2026); *Martinez v. Clark*, 124 F.4th 775, 784–85 (9th Cir. 2024) (holding that district courts have habeas jurisdiction to review whether an immigration judge "erred by applying the wrong burden of proof").

"Generally, in the absence of any red flags," the Court will credit an immigration judge's statement that she applied the correct burden of proof. *Martinez*, 124 F.4th at 785. "But when there is an indication that something is amiss," the Court will "not credit [the] use of a 'catchall phrase' to the contrary." *Id.* "[T]he Court's review is effectively limited to whether the [immigration judge's] decision reflects clear legal error or is unsupported by sufficient evidence." *Ajay Kumar*, 2026 WL 983129, at *2 (citations omitted)); *see Benipal v. Rokosky*, No. CV 26-01306 PHX RM (CDB), 2026 WL 1355010, at *9 (D. Ariz. Apr. 24, 2026), *report and recommendation adopted*, No. CV-26-01306-PHX-RM, 2026 WL 1352061 (D. Ariz. May 14, 2026) ("[T]he issue is whether the IJ relied upon proof that—as a matter of law—could not establish that conclusion.").

### III.    Discussion

The immigration judge abused her discretion because she failed to provide any reasoning for her decision, but even if she had, her decision must be reversed because the evidence was insufficient to meet the government's burden of proof.

### a.    The Immigration Judge Failed to Explain Her Decision.

To determine whether the immigration judge abused her discretion, the Court must be able to determine how the immigration judge exercised her discretion. But the immigration judge provided no reasoning for her decision, either orally or in writing. Instead, the immigration judge devoted the bulk of her written order to criticizing this Court's Order for imposing a clear and convincing evidence burden of proof on the government at the bond hearing.[1] *See* Doc. 10-1.

---

[1]    When, as here, a noncitizen has previously been released following a determination that he is not a flight risk or danger to the community and then is subsequently re-detained, due process requires a bond hearing at which the government bears the burden of proving that the noncitizen is a flight risk or danger to the community by clear and convincing evidence. *See, e.g.,*

5

The Ninth Circuit has held, in the context of immigration appeals, that "the BIA abuses its discretion when it fails to provide a reasoned explanation for its actions." *Movsisian v. Ashcroft*, 395 F.3d 1095, 1098 (9th Cir. 2005).  This is because, without a reasoned explanation, a reviewing court cannot be sure that the BIA "heard, considered, and decided" the case based on appropriate considerations. *Villanueva-Franco v. I.N.S.*, 802 F.2d 327, 330 (9th Cir. 1986).  "In this same vein, many district courts have recently concluded that an immigration judge abuses [her] discretion when [she denies] release on bond without any explanation of [her] reasoning in doing so." *Singh v. Warden, Golden State Annex Det. Facility*, No. 1:26-CV-01973-DAD-CSK, 2026 WL 1328588, at *6 (E.D. Cal. May 13, 2026) (collecting cases); *Guzman-Juarez v. Wamsley*, No. 26-CV-01791-TMC, 2026 WL 1911506, at *4 (W.D. Wash. July 2, 2026); *Benipal v. Rokosky*, No. CV 26-01306 PHX RM (CDB), 2026 WL 1355010, at *8 (D. Ariz. Apr. 24, 2026), *report and recommendation adopted*, No. CV-26-01306-PHX-RM, 2026 WL 1352061 (D. Ariz. May 14, 2026); *Vasquez Lopez v. Hernandez*, No. C26-0775 TSZ, 2026 WL 984151, at *3 (W.D. Wash. Apr. 13, 2026).  The Court agrees with these decisions and finds that the immigration judge abused her discretion by failing to provide a reasoned explanation for her

---

*Chateauneuf v. Chestnut*, No. 1:26-CV-01073-DC-JDP (HC), 2026 WL 523695, at *5 (E.D. Cal. Feb. 25, 2026) ("Where a noncitizen had previously been released from ICE detention, indicating ICE determined the noncitizen was neither a flight risk nor a safety risk to community, this court has found that the government bears the burden of justifying the noncitizen's re-detention without bond . . . ."); *Pinchi v. Noem*, 792 F. Supp. 3d 1025, 1038 (N.D. Cal. 2025) (same); *Pablo Sequen v. Albarran*, 806 F. Supp. 3d 1069, 1093 (N.D. Cal. 2025) (same).  Courts have required that the burden be on the government because the noncitizen's "initial release reflected a determination by the government that the noncitizen is not a danger to the community or a flight risk." *Ortiz Donis v. Chestnut*, No. 1:25-CV-01228 JLT SAB, 2025 WL 2879514, at *15 (E.D. Cal. Oct. 9, 2025).  "Since it is the government that initiated re-detention, it follows that the government should be required to bear the burden of providing a justification for the re-detention." *Id.*

*Rodriguez Diaz v. Garland*, 53 F.4th 1189 (9th Cir. 2022), is not to the contrary.  There, the court upheld § 1226(a)'s procedures as applied at an initial custody determination; it did not address the situation of a noncitizen who was released from detention pursuant to § 1226(a) following a finding that he was not a flight risk or danger and who remained released for an extended period, like petitioner, before subsequently being re-detained without bond.  "*Rodriguez Diaz* [] does not limit the Due Process rights of those petitioners whom the government ha[s] already voluntarily released." *Andudia-Carillo v. Albarran*, No. 25-CV-10380-VC, 2025 WL 4479434, at *1 (N.D. Cal. Dec. 17, 2025); *see Rodriguez Diaz*, 53 F.4th at 1213 ("[W]e do not foreclose all as-applied challenges to § 1226(a)'s procedures" because "[d]ue process is a flexible concept that varies with the particular situation.").

6

decision.

### b. The Evidence Was Insufficient to Meet the Government's Clear and Convincing Evidence Burden.

The Court's Order required the government to prove by clear and convincing evidence that petitioner was a flight risk or a danger to the community.  Doc. 16.  Clear and convincing evidence is evidence that leaves the factfinder with "an abiding conviction that the truth of its factual contentions are 'highly probable.'"  *Colorado v. New Mexico,* 467 U.S. 310, 316 (1984) (quoting C. McCormick, Law of Evidence § 320, p. 679 (1954)).  This standard is met "only if the material [] offered instantly tilted the evidentiary scales in the affirmative when weighed against [countervailing] evidence."  *Id.* (citations omitted).

Respondents did not present any evidence, let alone sufficient evidence to meet this standard.  The only evidence they proffered was a rap sheet that confirmed petitioner did not have any criminal convictions, and the immigration judge declined to admit that record because the government had failed to provide it to petitioner.

An immigration judge is "not limited to considering *only* criminal convictions in assessing whether an alien is a danger to the community."  *Matter of Guerra*, 24 I. & N. Dec. 37, 40 (BIA 2006) (emphasis in original).  But any evidence an immigration judge considers must be "probative and specific."  *Id.*  In *Matter of Guerra*, for example, there was a "specific and detailed" criminal complaint that described the detainee's participation in a drug trafficking scheme.  *Id.* at 41.  The criminal complaint "describe[d] the source of the information" and "set[] forth the events leading to the [detainee's] arrest, including locations, alleged accomplices, and other details."  *Id.*[2]  In contrast, the government proffered no such evidence here.

When the immigration judge questioned petitioner about the circumstances of his arrest, petitioner denied any wrongdoing.  *See* Audio Recording Part I at 07:35–08:19; Audio Recording Part II at 17:00–21:27.  Respondents did not cross-examine him or offer any evidence to dispute

---

[2] *Matter of Guerra* concerned a bond hearing under 8 U.S.C. § 1226(a) where the burden of proof was on the noncitizen to show that he was not a flight risk or a danger.  *Matter of Guerra*, 24 I. & N. Dec. at 40.

his account. *See id.* And the immigration judge did not make an adverse credibility determination, *see id.*, so the Court must "accept [] petitioner's testimony as credible." *Prasad v. I.N.S.*, 101 F.3d 614, 616 (9th Cir. 1996); *see Navas v. INS,* 217 F.3d 646, 652 n.3 (9th Cir. 2000) ("Where the BIA does not make an explicit adverse credibility finding, we must assume that the applicant's factual contentions are true."). Given this, the evidence was insufficient to support the conclusion that petitioner is a danger to the community.

Nor did the government submit any evidence bearing on flight risk, and the immigration judge did not make any findings that could support her bare conclusion that "[t]he Department has proven by clear and convincing evidence that you are . . . a flight risk." Audio Recording Part II at 22:51–22:59. Petitioner testified, and the government did not dispute, that he had appeared for every immigration court hearing and ICE check-in as required. The government did not present any evidence to rebut petitioner's testimony that he complied fully with the conditions of his release.

### c.    The Immigration Judge Failed to Apply the Correct Burden of Proof.

"[I]n the absence of any red flags," the Court must take the immigration judge at her word that she applied the correct burden of proof. *Martinez*, 124 F.4th at 785. But here, there are at least three red flags. First, respondents did not present any evidence, let alone evidence sufficient to meet their burden to prove by clear and convincing evidence that petitioner was a danger or flight risk. Second, the immigration judge failed to provide any reasoning for her decision, and she did not make any credibility finding or any factual findings. Third, much of the immigration judge's written order simply questions the burden of proof imposed by the Court's Order. *See* Doc. 19-1, Ex. A; *cf. Singh v. Warden, Golden State Annex Det. Facility*, No. 1:26-CV-01973-DAD-CSK, 2026 WL 1328588, at *7 (E.D. Cal. May 13, 2026) ("The court also finds that another 'red flag' is presented by this case as a result of the immigration judge's expression of strong disagreement with this court's prior order setting the appropriate legal standard to be applied at the ordered bond hearing."). The Court finds that the immigration judge failed to hold the government to the clear and convincing evidence burden of proof required by this Court's Order.

**d. Exhaustion is Not Required.**

Citing *Leonardo v. Crawford*, 646 F.3d 1157, 1160 (9th Cir. 2011), respondents argue that petitioner should be required to exhaust his administrative remedies by appealing the immigration judge's decision to the BIA. In *Ajay Kumar*, the district court rejected a nearly identical argument, in a case in which the court similarly found that the immigration judge failed to hold the government to a clear and convincing evidence burden of proof in violation of the court's order. *Ajay Kumar*, 2026 WL 983129, at *3. The *Ajay Kumar* court reasoned:

> The hearing at issue was conducted pursuant to an order from this Court. That Order also included the appropriate standard to be applied at that hearing. Respondents' failure to comply with the terms of that Order by applying the standard expressly included in the terms of the Order is an issue appropriately addressed by a motion to enforce the Court's order. *Leonardo v. Crawford*, which is cited by Respondents in their Opposition, is unrelated, as it does not concern a situation in which a court ordered a bond hearing with a specific burden of proof that was not imposed during the hearing. *See* 646 F.3d 1157, 1159 (9th Cir. 2011). Instead, the court in *Leonardo* ordered a bond hearing, which was provided, and the court found that the Government "complied exactly" with the court's order by providing that hearing. *Id.* at 1161. Here, the opposite is true: the Court expressly finds the Government <u>failed</u> to comply with its prior order in failing to provide a bond hearing with the appropriate standard stated in the Court's prior order.

*Id.* The Court agrees with this reasoning and finds that petitioner need not exhaust administrative remedies where respondents have failed to comply with this Court's Order.

**e. Petitioner's Immediate Release is the Appropriate Remedy.**

The only remaining issue is the appropriate relief. "Federal courts have a fair amount of flexibility in fashioning specific habeas relief." *Burnett v. Lampert*, 432 F.3d 996, 999 (9th Cir. 2005). In similar cases where courts have found that an immigration judge provided a petitioner with a legally inadequate bond hearing, district courts have either ordered the petitioner's immediate release, *see Soriano v. Hernandez*, --- F. Supp. 3d ---, No. 2:26-CV-00900-DGE, 2026 WL 969764, at *6 (W.D. Wash. Apr. 10, 2026); *Garcia v. Hyde*, 817 F. Supp. 3d 112 (D.R.I. 2025); *Perez Velasquez v. Bondi*, No. 26-CV-01759-GPC-DDL, 2026 WL 1042479, at *7 (S.D. Cal. Apr. 16, 2026); *Miri v. Bondi*, No. 5:26-CV-00698-MEMF-MAR, 2026 WL 622302, at *11 (C.D. Cal. Mar. 5, 2026), or ordered that respondents provide petitioner with a new bond hearing,

9

*see S.E. v. Noem*, No. 1:26-CV-00356-DAD-SCR, 2026 WL 836327 (E.D. Cal. Mar. 26, 2026); *N.A. v. Warden*, No. 5:25-CV-03007-CV-MBK, 2026 WL 734587, at *9 (C.D. Cal. Feb. 20, 2026), *report and recommendation adopted,* No. 5:25-CV-03007-CV-MBK, 2026 WL 734585 (C.D. Cal. Mar. 12, 2026).

The Court's Order required petitioner's immediate release unless he was provided a constitutionally adequate bond hearing within seven days of the Order. *See* Doc. 16 at 3 ("Respondents are ENJOINED AND RESTRAINED from detaining petitioner unless they demonstrate, within seven (7) days of the date of this Order, by clear and convincing evidence at a bond hearing before a neutral decisionmaker, that petitioner is a flight risk or danger to the community such that her physical custody is legally justified."). Respondents did not comply with the Order. The Court therefore finds that immediate release is the appropriate remedy.

## IV.    Conclusion and Order

Respondents are ORDERED to release petitioner Mani Kumar (A-Number: 245 368 892) immediately. Respondents are ENJOINED AND RESTRAINED from re-detaining petitioner unless they demonstrate, by clear and convincing evidence at a pre-deprivation bond hearing before a neutral arbiter, that petitioner is a flight risk or danger to the community such that his physical custody is legally justified.

Respondents are ORDERED to provide petitioner with a copy of this Order upon his release.

The Clerk is directed to serve Golden State Annex with a copy of this Order.

IT IS SO ORDERED.

Dated:    July 17, 2026

_____
UNITED STATES DISTRICT JUDGE

10